J-S63034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM A. GRONOSKY, | |
| Appellant | No. 478 MDA 2014 |

Appeal from the Judgment of Sentence December 18, 2013
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0001613-2012;
CP-40-CR-0001691-2012

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED FEBRUARY 11, 2015**

Appellant, William A. Gronosky, appeals from the judgment of sentence imposed following guilty pleas and two separate jury convictions of robbery (two counts), criminal conspiracy (three counts), criminal trespass (one count), theft by unlawful taking or disposition (three counts), receiving stolen property (three counts), burglary (two counts), and assault of law enforcement officer (two counts).[1]  Appellant's counsel has petitioned to withdraw on the ground that Appellant's issue on appeal is wholly frivolous.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c), 3503(a)(1)(i), 3921(a), 3925(a), 3502(a), and 2702.1, respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

We grant counsel's petition to withdraw and affirm the judgment of sentence.

In this case, the Commonwealth filed six informations charging Appellant with sixteen counts arising from a crime spree that occurred in March 2012. Appellant burglarized the home of a Pennsylvania State Trooper to obtain a gun, robbed a strip bar, fired a handgun at law enforcement officers in two separate incidents, and victimized the elderly and handicapped.

The trial court summarized the procedural history of this case as follows:

> This appeal results from two separate jury trials following which [Appellant] was convicted of twelve charges. On information number 1691 of 2012, the jury found [Appellant] guilty of [r]obbery, [c]riminal [c]onspiracy to [c]ommit [r]obbery, [c]riminal [t]respass, [t]heft by [u]nlawful [t]aking or [d]isposition, [r]eceiving [s]tolen [p]roperty[,] and [c]riminal [c]onspiracy to [c]ommit [t]heft by [u]nlawful [t]aking or [d]isposition. On information number 1613 of 2012, the jury rendered guilty verdicts on the charges of [b]urglary, [c]riminal [c]onspiracy to [c]ommit [b]urglary, two counts of [t]heft by [u]nlawful [t]aking or [d]isposition, and two counts of [r]eceiving [s]tolen [p]roperty.
>
> Prior to being sentenced on the above charges, [Appellant] pled guilty to four additional informations. He entered a plea of guilty to [a]ssault of [l]aw [e]nforcement [o]fficer on information number 2430 of 2012, [r]obbery on information number 3038 of 2012, [a]ssault of [l]aw [e]nforcement [o]fficer on number 372 of 2013[,] and [b]urglary on information 1910 of 2013. [Appellant] was sentenced on December 18, 2013 and received the mandatory minimum sentence of [twenty] to [forty] years provided by 42 Pa.C.S.A. [s]ection 9719.1(a) on information number 372 of 2013, [a]ssault of [l]aw [e]nforcement [o]fficer.

Concurrent sentences were imposed on the three additional informations to which [Appellant] pled guilty.

With regard to the two informations presently on appeal, [Appellant] was sentenced on 1691 of 2012 to [six] to [twelve] years on [c]ount one, [r]obbery, consecutive to the sentence imposed on 372 of 2013. On [c]ount two, [c]riminal [c]onspiracy to [c]ommit [r]obbery, [Appellant] was sentenced to [five] to [ten] years consecutive to [c]ount one. On [c]ount three, [c]riminal [t]respass, [Appellant] was sentenced to [twelve] to [twenty-four] months concurrent to [c]ount two. All three sentences were within the standard range and [c]ounts four, five[,] and six merged with the robbery.

As for information 1613 of 2012, [Appellant] was sentenced to [twenty-four] to [forty-eight] months on [c]ount one, [b]urglary, consecutive to the sentence imposed on [c]ount two of information number 1691 of 2012. On [c]ount two, [c]riminal [c]onspiracy to [c]ommit [b]urglary, [Appellant] was sentenced to [fifteen] to [thirty] months concurrent to [c]ount one. On [c]ount three, [t]heft by [u]nlawful [t]aking or [d]isposition, [Appellant] was sentenced to [twenty-four] to [forty-eight] months concurrent to [c]ount one. The remaining counts on information number 1613 of 2012 merged for sentencing and all sentences were within the standard range.

On December 27, 2013, [Appellant] filed a [p]ost [s]entence [m]otion to [m]odify and [r]educe [s]entence. In the [m]otion, [Appellant] argued that the sentences he received on informations 1613 of 2012 and 1691 of 2012 should be reduced because he pled guilty on informations 372 and 1910 of 2013[,] as well as 2430 and 3038 of 2012, apologized to the victims, and is only [thirty] years of age with the capacity to reform. These are essentially the same issues he raises in his 1925(b) [s]tatement. The [m]otion was denied by [o]rder dated January 23, 2014. On February 18, 2014, [Appellant] filed a [n]otice of [a]ppeal.

(Trial Court Opinion, 4/08/14, at unnumbered pages 1-2).[3]

On July 30, 2014, Appellant's counsel filed a petition to withdraw stating her belief that "this appeal is wholly frivolous and that no meritorious issues exist." (Petition to Withdraw as Counsel, 7/30/14, at unnumbered page 1 ¶ 3). Counsel has submitted to this Court a copy of her letter to Appellant, enclosing a copy of the **Anders** brief, informing him of the petition to withdraw, and advising him of his right to retain new counsel or proceed with the appeal *pro se*. (**See id.** at unnumbered page 2). Appellant has not responded.

Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[3] Pursuant to the trial court's order, Appellant filed a Rule 1925(b) statement on March 28, 2014. The court entered its Rule 1925(a) opinion on April 8, 2014. **See** Pa.R.A.P. 1925.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. O'Malley**, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant matter, we conclude that counsel has substantially complied with the **Anders** and **Santiago** requirements. She has submitted a brief that summarizes the case, referred to anything that might arguably support the appeal, and explains why she believes the appeal is frivolous. (**See Anders** Brief, at 5-12).[4] Counsel has filed a petition to withdraw, sent Appellant a letter advising him that she concluded that there are no non-frivolous issues, provided him with a copy of the **Anders** brief, and notified him of his right to retain new counsel or proceed *pro se*. (**See** Petition to Withdraw as Counsel, 7/30/14, at unnumbered pages 1-2).[5] Because

_____

[4] For the benefit of counsel, we note that the brief omits the Rule 2116 statement. However, because her argument makes the issues clear, our review is not impeded.

[5] The court appointed current counsel to represent Appellant after the filing of his Rule 1925(b) statement by prior counsel. (**See Anders** Brief, at 8 n. 1). His 1925(b) statement does not contain a claim of the voluntariness of his guilty plea. (**See** Appellant's 1925(b) Statement, 3/28/14, at
*(Footnote Continued Next Page)*

counsel has substantially complied with the dictates of **Anders** and **Santiago**, we will undertake our own review of the appeal to determine if it is wholly frivolous. **See O'Malley**, **supra** at 1266.

The **Anders** brief raises the following issue for our review:

> Whether the [sentencing] court failed to consider [Appellant's] remorse or his young age and capacity for rehabilitation and arrived at a manifestly unreasonable decision in its sentence?

(**Anders** Brief, at 9) (capitalization omitted).[6]

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence." **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme."

_____

*(Footnote Continued)* ————————————

unnumbered page 1). Therefore, counsel was correct in informing Appellant that this claim could not be properly raised in the instant appeal.

[6] We note that Appellant preserved his discretionary aspects of sentence claim by filing timely a post-sentence motion to modify and reduce the sentence. (**See** Motion to Modify and Reduce Sentence, 12/27/13, at 2-3); **see also McAfee**, **infra** at 275.

*Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). "The purpose of the [Rule 2119(f)] statement is to allow the Superior Court to determine whether a substantial question is raised." *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013) (citation omitted). Our inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

Here, counsel has failed to include a Rule 2119(f) statement in the *Anders* brief. (*See Anders* Brief, at 1-12). Instead, she submits that "[Appellant] cannot . . . advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." (*Id.* at 8) (citations and quotation marks omitted). The failure of an appellant to include a Rule 2119(f) statement in his brief is a substantial defect that typically empowers this Court to dismiss the appeal. *See Commonwealth v. Bonds*, 890 A.2d 414, 417 (Pa. Super. 2005), *appeal denied*, 906 A.2d 537 (Pa. 2006). However, because counsel has

filed an ***Anders*** brief, we will review the merits of the appeal.  ***See***
***O'Malley***, ***supra*** at 1266.

Appellant claims that the sentencing court imposed an excessive
sentence and failed to consider Appellant's remorse and young age. (***See***
***Anders*** Brief, at 8).  However, Appellant acknowledges that "[w]hile [his]
aggregate sentence of thirty-three (33) to sixty-six (66) years appears
excessive, the total years are as a result of six (6) separate [i]nformations
filed by the Commonwealth."  (***Id.*** at 11).  Appellant also concedes that
"[a]ll of the sentences fell within the standard range of the guidelines for
each of the offenses with his criminal history score."  (***Id.***).

This Court has held that raising "an excessive sentence claim—in
conjunction with an assertion that the court failed to consider mitigating
factors—raises a substantial question."  ***Commonwealth v. Raven***, 97 A.3d
1244, 1253 (Pa. Super. 2014) (citation omitted).  However, our review of
the record in this matter demonstrates that this claim lacks merit.

Here, in fashioning the sentence, the sentencing court considered the
plea agreements, pre-sentence investigation report, Sentencing Guidelines,
and the nature and circumstances of the offenses.  (***See*** N.T. Sentencing
Hearing, 12/18/13, at 2-4, 12-21).  The court found that Appellant is a
danger to society and in need of rehabilitation.  (***See id.*** at 13).
Furthermore, the court indicated that it was aware of Appellant's age and
"that he apologized to the officers and victims immediately prior to the
imposition of sentence."  (Trial Ct. Op., at unnumbered page 5; ***see also***

N.T. Sentencing Hearing, 12/18/13, at 8).  Therefore, Appellant's issue does not merit relief.  Furthermore, this Court has conducted an independent review of the record as required by *O'Malley* and finds that no non-frivolous issues exist.

Judgment of sentence affirmed.  Petition for leave to withdraw as counsel granted.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015