J-S74040-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
RICHARD R. CARBONARA, :
:
Appellant : No. 1516 EDA 2014

Appeal from the Judgment of Sentence April 10, 2014,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0001864-2014

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED JUNE 23, 2015**

Appellant, Richard R. Carbonara ("Carbonara"), appeals from the judgment of sentence entered on April 11, 2014 by the Court of Common Pleas of Delaware County, Criminal Division, following his negotiated guilty plea to possession of a controlled substance.[1]  Carbonara's court-appointed appellate counsel ("Counsel") seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Carbonara's judgment of sentence.

We summarize the relevant facts and procedural history of this case as follows.  On April 10, 2014, Carbonara pled guilty to possession of a

---

[1]  35 P.S. § 780-113(a)(16).

*Retired Senior Judge assigned to the Superior Court.

controlled substance and, pursuant to a negotiated plea agreement, the trial court sentenced him to his negotiated sentence of time served (thirty-five days) to twenty-three months of incarceration, with immediate parole upon completion of drug and alcohol evaluation. On April 21, 2014, Carbonara wrote to the trial court, advising it of his desire to file an appeal, and the trial court subsequently appointed Counsel to represent him. On May 9, 2014, Counsel filed a timely notice of appeal. In his concise statement of the errors complained of on appeal, Counsel informed the trial court, pursuant to Rule 1925(c)(4) of the Pennsylvania Rules of Appellate Procedure, that he intended to file an *Anders* brief with the Superior Court in lieu of a Rule 1925(b) statement.

On appeal, Counsel has filed a petition to withdraw and brief pursuant to *Anders* and *Santiago*. There are particular mandates that counsel seeking to withdraw pursuant to *Anders* and *Santiago* must follow. These mandates and the significant protection they provide to an appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that

might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Moreover, there are requirements as to precisely what an *Anders* brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a petition to withdraw and *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super.

2008) (citation omitted).  If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 354 n.5.

We conclude that Counsel has complied with the requirements outlined above.  Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous.  Petition to Withdraw as Counsel, 8/20/14, ¶¶ 2-3.  Counsel has filed a brief setting forth the issue that he believes might arguably support an appeal. ***See Anders*** Brief at 1-3.  In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issue he believes might support Carbonara's appeal. ***See id.*** Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. ***See id.*** at 3-4.  Finally, Counsel has attached to his petition the letter that he sent to Carbonara, which enclosed Counsel's petition and ***Anders*** brief and advised Carbonara of his right to proceed pro se or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.[2]  Petition to Withdraw as Counsel, 8/20/14, at Appendix A.  Accordingly, we turn our attention to the issue raised by Counsel in his ***Anders*** brief.

---

[2]  Carbonara did not file a pro se response raising any additional issues for our consideration.

On appeal, Counsel raises the following issue as arguably supporting an appeal: "whether [Carbonara's] maximum sentence of [twenty-three] months [of] incarceration was harsh and excessive under the circumstances." **Anders** Brief at 1. Carbonara asserts that his twenty-three month maximum sentence is excessive in light of the fact that he has a four-year-old daughter to support. **See id.** at 3.

We agree with Counsel that this issue is frivolous. Here, Carbonara pled guilty to possession of a controlled substance and the trial court sentenced him pursuant to a negotiated plea agreement. Trial Court Opinion, 5/30/14, at 1; N.T., 4/10/14, at 3-12. This Court has held that "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008). Moreover, our Supreme Court has held that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). Accordingly, Carbonara's attempt to challenge the discretionary aspects of his sentence is frivolous.[3]

---

[3] Moreover, we point out that even if Carbonara had the right to challenge the discretionary aspects of his sentence in this case, he failed to object to his sentence during sentencing and/or file a post-sentence motion. Consequently, Carbonara did not preserve his discretionary aspects of

Finally, after conducting our own independent review of the record, we conclude that there are no issues of merit and agree with Counsel's assessment that Carbonara's direct appeal is frivolous. Accordingly, we find this appeal wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Bender, P.J.E. joins the Memorandum.

Strassburger, J. files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

sentencing claim for review. *O'Malley*, 957 A.2d at 1267 n.3; *see also* *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").