J-S56033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT USEVICZ, | |
| Appellant | No. 414 MDA 2015 |

Appeal from the Judgment of Sentence February 4, 2015
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0001090-2014

BEFORE: SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED NOVEMBER 05, 2015**

Appellant, Scott Usevicz, appeals from the judgment of sentence imposed following his entry of a guilty plea to two counts of aggravated assault by vehicle while driving under the influence, and one count each of fleeing or attempting to elude a police officer and driving under the influence (DUI).[1] Counsel for Appellant has petitioned to withdraw on the ground that his issues on appeal are wholly frivolous.[2] We grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735.1(a), 3733(a), and 3802(c), respectively.

[2] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

The relevant facts and procedural history of this case are as follows. On October 14, 2014, Appellant entered a guilty plea to the above-mentioned charges. In exchange, numerous other charges filed against him were *nolle prossed*. The charges stem from an August 31, 2012 incident during which he fled from police in his vehicle, flipping the vehicle after driving across a sidewalk and over a wall, causing serious bodily injury to his two passengers. Appellant's blood alcohol content (BAC) at that time was 0.22 percent. At the guilty plea hearing, the trial court deferred sentencing for preparation of a pre-sentence investigation report (PSI).

On January 14, 2015, following a hearing, the court sentenced Appellant to an aggregate term of not less than six nor more than fifteen years' incarceration. On January 23, 2015, Appellant filed a petition for reconsideration of sentence, which the trial court granted because the probation office had provided it with inappropriate sentencing guidelines. On January 28, 2015, the court entered an order vacating the original sentence.

The court held a second sentencing hearing on February 4, 2015, and it re-sentenced Appellant to an aggregate term of not less than four nor more than fifteen years' incarceration.[3] The court explained its rationale for the aggregate sentence as follows:

_____

[3] The court imposed consecutive sentences on the two aggravated assault counts and the DUI count; it ran the sentence on the fleeing or attempting to elude a police officer count concurrently to the other sentences. (**See** N.T. Sentencing, 2/04/15, at 8-9). The sentences on the aggravated assault
*(Footnote Continued Next Page)*

. . . [A] problem, from my viewpoint, is the apparent lack of respect that you have for the law, and, in particular, for the [laws] applied to the operation of motor vehicles. You had [thirteen] separate license suspensions, numerous, numerous citations[.] . . . [W]hen you compound that situation by adding alcohol to the equation, then you have the kind of conduct that resulted not only in the accidents that involve the injuries to the young men, but the fleeing from the police when everything that started out was a DUI. Had you just responded the way that [ninety-eight] percent of people do who are being signaled to stop when there's a DUI, this would have been history a long time ago. There would have been no injuries. There would have been no shortened scholastic careers by the young men that were involved and no permanent injuries that they're going to have to suffer with for the rest of their lives.

(N.T. Sentencing, 2/04/15, at 6-8).

Appellant filed a motion for reconsideration of sentence on February 9, 2015, which the trial court denied. This timely appeal followed.[4]

On June 22, 2015, counsel for Appellant filed an **Anders** brief and a petition to withdraw as counsel stating her belief that this appeal is without merit. (**See** Petition to Withdraw as Counsel, 6/22/15, at unnumbered page 2). Counsel has submitted to this Court a copy of her letter to Appellant, enclosing a copy of the **Anders** brief, informing him of the petition to withdraw, and advising him of his right to retain new counsel or proceed

*(Footnote Continued)* ───────────

counts fell at the top of the standard range of the sentencing guidelines. (**See id.** at 10).

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on March 20, 2015. **See** Pa.R.A.P. 1925(b). The trial court entered an opinion on April 21, 2015. **See** Pa.R.A.P. 1925(a).

with the appeal *pro se*. (**See** Letter from Donna M. De Vita, Esq. to Appellant, 6/22/15, at unnumbered page 1). Appellant has not responded.

> [I]n the **Anders** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. O'Malley**, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the **Anders** and **Santiago** requirements. She has submitted a brief that summarizes the case, (**see Anders** Brief, at 5-7); referred to anything that might arguably

- 4 -

support the appeal, (*see id.* at 8-9, 11, 13-15); and set forth her reasoning and conclusion that the appeal is frivolous, (*see id.* at 8-9, 16). *See Santiago*, *supra* at 361. Counsel has filed a petition to withdraw, sent Appellant a letter advising that she concluded that there are no non-frivolous issues, provided him with a copy of the *Anders* brief, and notified him of his right to retain new counsel or proceed *pro se*. Because counsel's petition and brief satisfy the requirements of *Anders* and *Santiago*, we will undertake our own review of the appeal to determine if it is wholly frivolous. *See O'Malley*, *supra* at 1266.

The *Anders* brief raises the following issues for our review:

A. Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?

B. Whether the totality of the circumstances for which . . . Appellant was charged was neither so unique nor so egregious as to warrant sentences of incarceration in the high end of the standard guideline range?

C. Whether the [trial] court failed to impose concurrent sentences on all of the charges since they arose out of the same criminal behavior and occurred at the same time?

(*Anders* Brief, at 4).

Appellant's issues challenge the discretionary aspects of his sentence. Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was

manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

**Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

However, "[t]he right to appeal the discretionary aspects of a sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [**see** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

In the instant case, Appellant filed a timely notice of appeal and preserved his claims in the trial court,[5] and counsel has included a Rule 2119(f) statement in the **Anders** brief. **See id.** With respect to the substantial question requirement:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a

---

[5] (**See** Petition for Reconsideration of Sentence, 2/09/15, at unnumbered pages 1-2; N.T. Sentencing Hearing, 2/04/15, at 3-4).

- 6 -

colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted).

Here, Appellant first argues that his aggregate sentence is unduly harsh and excessive. (***See Anders*** Brief, at 8, 11-13). This Court has held that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013) (citation omitted). Thus, Appellant's bald claim that his sentence is excessive does not raise a substantial question. ***See id.***

Appellant next argues that the court erred in imposing sentences at the high end of the standard guideline range because the facts of this case do not warrant such lengthy sentences. (***See Anders*** Brief, at 11, 14). However, Appellant has not articulated what provision of the Sentencing Code or what fundamental norm was violated by imposing a sentence at the high end of the standard guideline range. (***See id.***); ***see also Austin***, ***supra*** at 808. Thus, Appellant's claim does not raise a substantial question. Further, we note "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the

Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

Finally, Appellant claims the trial court should have imposed all sentences concurrently because the charges arose out of the same criminal behavior that occurred at the same time. (***See Anders*** Brief, at 11, 15-16). However, "[l]ong standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (case citations omitted). In general, "[a] challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." ***Id.*** (citation omitted). Such claim raises a substantial question only in the most extreme circumstances, and this Court focuses on whether the aggregate sentence appears excessive in light of the criminal conduct on its face. ***See id***; ***see also Commonwealth v. Lamonda,*** 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

Here, Appellant's criminal conduct includes fleeing from police officers and flipping his vehicle, causing severe injury to his two passengers, while his BAC was 0.22, more than twice the legal limit. Appellant "is not entitled to a 'volume discount' because the various crimes occurred in one

continuous spree." **_Zirkle_**, **_supra_** at 134. Appellant's aggregate sentence does not appear manifestly excessive on its face in light of his criminal conduct, and he has not raised a substantial question. **_See id._**

Moreover, after independent review of the record, **_see O'Malley_**, **_supra_** at 1266, we conclude that the trial court did not abuse its discretion in imposing Appellant's aggregate sentence. **_See Clarke_**, **_supra_** at 1287. As discussed above, the court comprehensively stated on the record its reasons for its determination that, given Appellant's extensive prior record, history of ignoring traffic laws, and the severe injuries suffered by his passengers, the sentence was appropriate. Furthermore, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." **_O'Malley_**, **_supra_** at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015