**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT MONACO, | |
| Appellant | No. 44 MDA 2015 |

Appeal from the Judgment of Sentence December 11, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000488-2014
CP-40-CR-0000879-2014
CP-40-CR-0002745-2014

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 06, 2015**

In these consolidated cases, Appellant, Robert Monaco, appeals from the judgment of sentence imposed following his entry of guilty pleas at three criminal docket numbers.  Counsel for Appellant has petitioned to withdraw on the ground that his issue on appeal is wholly frivolous.[1]  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The relevant facts and procedural history of this matter are as follows. On July 2, 2014, Appellant pleaded guilty to one count each of resisting

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

arrest and corruption of minors[2] at Docket No. CP-40-CR-0000879-2014. While he was on bail pending sentencing, he was arrested for robbery.[3] Appellant pleaded guilty to that offense on October 23, 2014, at Docket No. CP-40-CR-0002745-2014. On that same date, he pleaded guilty to one count of insurance fraud[4] at Docket No. CP-40-CR-0000488-2014. The court ordered preparation of a pre-sentence investigation report (PSI),[5] and the cases were consolidated for sentencing purposes.

On December 11, 2014, the trial court held a sentencing hearing, at which defense counsel requested that the court impose a county sentence so that Appellant could obtain treatment for his drug addiction in prison. (**See** N.T. Sentencing, 12/11/14, at 3-4). The Commonwealth did not oppose imposition of a county sentence. (**See id.** at 5-6). The court stated:

> Again note that [Appellant] was on bail pending sentencing when the robbery offense occurred. We have considered all the submissions made at today's sentencing hearing. Based on everything before the [c]ourt, the [c]ourt believes a term of incarceration is appropriate. I do not find [Appellant] to be amenable to supervision at this time, and we have concluded

---

[2] 18 Pa.C.S.A. §§ 5104 and 6301(a)(1)(i), respectively.

[3] 18 Pa.C.S.A. § 3701(a)(1)(v).

[4] 18 Pa.C.S.A. § 4117(a)(3).

[5] The PSI outlined Appellant's prior convictions resulting in terms of county incarceration for offenses including simple assault, reckless endangerment, escape, and retaliation against a witness/victim. (**See** Trial Court Opinion, 3/26/15, at 2 n.3).

- 2 -

that rehabilitation at this point would be best achieved at the state level.

(*Id.* at 7).

The court then sentenced Appellant to an aggregate term of not less than twenty-one nor more than forty-eight months' incarceration in a state correctional institution.  On December 31, 2014, Appellant, acting *pro se*, filed timely notices of appeal.

On January 9, 2015, this Court entered a *per curiam* order directing the trial court to hold a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Appellant desired counsel on appeal.  The trial court held a **Grazier** hearing on January 20, 2015, and it appointed counsel in accordance with Appellant's request.  On February 20, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b). Appellant timely complied on March 12, 2015, alleging trial court abuse of discretion in refusing to permit him to serve his sentence in the county correctional facility.  (**See** Rule 1925(b) Statement, 3/12/15, at unnumbered page 1).  The Commonwealth filed a response on March 19, 2015, stating that the court was correct in its sentencing decision.  (**See** Commonwealth's Response, 3/19/15, at unnumbered page 2).  The trial court entered an opinion on March 26, 2015.  **See** Pa.R.A.P. 1925(a).

On June 15, 2015, counsel for Appellant filed an **Anders** brief and a petition to withdraw as counsel stating his belief that this appeal is wholly frivolous.  (**See** Petition to Withdraw as Counsel, 6/15/15, at unnumbered

page 1). Counsel has submitted to this Court a copy of his letter to Appellant, enclosing a copy of the **Anders** brief, informing him of the petition to withdraw, and advising him of his right to retain new counsel or proceed with the appeal *pro se*. (**See** Letter from Matthew P. Kelly, Esq. to Appellant, 6/15/15, at unnumbered page 1). Appellant has not responded.

> [I]n the **Anders** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. O'Malley**, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

- 4 -

In the instant case, counsel has complied with the **Anders** and **Santiago** requirements. He has submitted a brief that summarizes the case, (**see Anders** Brief, at 4, 6); referred to anything that might arguably support the appeal, (**see id.** at 5, 7); and set forth his reasoning and conclusion that the appeal is frivolous, (**see id.** at 7-8). **See Santiago**, **supra** at 361. Counsel has filed a petition to withdraw, sent Appellant a letter advising that he concluded that there are no non-frivolous issues, provided him with a copy of the **Anders** brief, and notified him of his right to retain new counsel or proceed *pro se*. Because counsel's petition and brief satisfy the requirements of **Anders** and **Santiago**, we will undertake our own review of the appeal to determine if it is wholly frivolous. **See O'Malley**, **supra** at 1266.

The **Anders** Brief raises the following issue for our review:

1. Whether the trial court abused its discretion in sentencing Appellant by not permitting him to serve his sentence in Luzerne County Correctional Facility when the Commonwealth did not oppose that request[?]

(**Anders** Brief, at 1).[6]

Appellant's issue challenges the discretionary aspects of his sentence. Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of

---

[6] The Commonwealth submitted a letter to this Court advising that it is not filing a brief and that it relies on the trial court's opinion.

discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

However, "[t]he right to appeal the discretionary aspects of a sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [, *see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citation omitted).

In the instant case, Appellant timely appealed and preserved his claim in the trial court, and counsel has included a Rule 2119(f) statement in the *Anders* brief. *See id.* With respect to the substantial question requirement:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted). This Court has found an appellant's claim that the trial court abused its discretion by ordering him to serve his sentence in a state correctional institution rather than in a county facility raises a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa. Super. 2006). Therefore, we will review Appellant's claim on the merits.

Section 9762 of the Sentencing Code addresses where a convicted defendant will serve a sentence of imprisonment. *See* 42 Pa.C.S.A. § 9762. Subsection (b) states, in relevant part:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) Maximum terms of two years or more but less than five years **shall be committed** to the Department of Corrections for confinement, except upon a finding of **all** of the following:

(i)    The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

(ii)    The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii)    The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

(3)    Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S.A. § 9762(b)(1)-(3)(emphases added).

Here, the length of Appellant's maximum sentence is four years. Thus, he is required to serve his sentence in a state correctional facility unless all of the criteria set forth in section 9762(b)(2) are met. **See id**. Although the Commonwealth consented to Appellant's confinement in the county prison, the trial court declined to approve the request for county confinement, finding that a state sentence is appropriate. Prior to imposing sentence, the court stated that it had considered the PSI report,[7] the applicable sentencing guidelines, and a letter authored by Appellant's drug and alcohol therapist. (**See** N.T. Sentencing, 12/11/14, at 2, 4, 6). The court emphasized the fact that Appellant was on bail awaiting sentencing on the resisting arrest and corruption of minors convictions at the time he committed the robbery offense. (**See id.** at 7). It determined, after considering everything in the record before it, that a term of incarceration was appropriate and that Appellant's rehabilitative needs would best be met at the state level. (**See id.**).

_____

[7] "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Upon review, we conclude that the trial court's decision to commit appellant to a state correctional institution, rather than a county facility, did not constitute an abuse of discretion. *See Clarke*, *supra* at 1287. Our review of the sentencing proceeding reveals that the trial court thoroughly considered Appellant's background and rehabilitative needs in deciding the appropriate place of confinement. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." *O'Malley*, *supra* at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015