J-S62003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM TERRY, | |
| Appellant | No. 1415 WDA 2014 |

Appeal from the Judgment of Sentence July 24, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0017301-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED DECEMBER 07, 2015**

Appellant, William Terry, appeals from the judgment of sentence imposed following his bench conviction of two counts of possession with intent to deliver a controlled substance (PWID) and one count of possession of a controlled substance.[1]  Counsel for Appellant has petitioned to withdraw on the ground that his issues on appeal are wholly frivolous.[2]  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court aptly summarized the facts of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

[2] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[O]n September 24, 2013, City of Pittsburgh Police Detectives were conducting surveillance on Mitchell's Bar located at the intersection of Centre and Melwood Avenues in the North Oakland section of the City of Pittsburgh due to recent complaints about drug activity. During their surveillance, Detective Aaron Fetty observed a man, later identified as "Mr. Coughanour", lingering outside the bar and making a call on his cell phone. Shortly thereafter, [Appellant] exited Mitchell's Bar, engaged in a hand-to-hand transaction with Coughanour and re-entered the bar. The detectives stopped Coughanour and recovered a pink stamp bag labeled "HULK" containing a powder which was later tested and determined to be .43 grams of heroin. . . . Detective Fetty, along with his partner and two uniformed officers, entered Mitchell's Bar and arrested [Appellant]. As he was leaving the bar, [Appellant] told Detective Fetty that "you got me". [(N.T. Suppression, 7/24/14, at 8)]. The search incident to the arrest revealed that [Appellant] had $247.00 and a Cricket cell phone in his possession.

(Trial Court Opinion, 4/28/15, at 2-3).

On July 16, 2014, Appellant filed a *pro se* motion to suppress evidence, despite the fact that he was represented by counsel.[3] The court held a hearing on the motion on July 24, 2014, and Appellant's counsel litigated the suppression issue.[4] Detective Fetty testified that Appellant made the incriminating statements admitting his involvement in the drug

_____

[3] We note that a criminal defendant is not entitled to hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011).

[4] Although Appellant initially sought suppression of the statements he made to Detective Fetty and the physical evidence of the heroin itself, the parties addressed only the issue of Appellant's statements because the drugs were recovered from Coughanour, not Appellant. (**See** N.T. Suppression, at 4); **see also Commonwealth v. Hawkins**, 718 A.2d 265, 267 (Pa. 1998) (holding that defendant lacked legitimate expectation of privacy relative to drugs seized from another person).

transaction after he was given **Miranda**[5] warnings; Appellant, however, maintained the detective did not issue **Miranda** warnings and that he made no incriminating statements. The court denied the motion to suppress, and Appellant proceeded immediately to a bench trial. The court found him guilty of the above-mentioned offenses, and sentenced him to a term of three years' probation. Appellant timely appealed.

On January 23, 2015, counsel for Appellant timely filed a statement of intent to file an **Anders** brief in lieu of a concise statement of errors. **See** Pa.R.A.P. 1925(c)(4). The trial court entered an opinion on April 28, 2015. **See** Pa.R.A.P. 1925(a). On June 15, 2015, counsel filed an **Anders** brief and a petition to withdraw as counsel stating her belief that there are no non-frivolous issues to raise on appeal. (**See** Petition to Withdraw as Counsel, 6/15/15, at unnumbered page 2). Counsel has submitted to this Court a copy of her letter to Appellant, enclosing a copy of the **Anders** brief, informing him of the petition to withdraw, and advising him of his right to retain new counsel or proceed with the appeal *pro se*. (**See** Letter from Jessica L. Herndon, Esq. to Appellant, 6/15/15, at unnumbered page 1). Appellant has not responded.

> [I]n the **Anders** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2)

_____

[5] **Miranda v. Arizona**, 384 U.S. 436 (1966).

refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. O'Malley*, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the *Anders* and *Santiago* requirements. She has submitted a brief that summarizes the case, (*see Anders* Brief, at 8-11); referred to anything that might arguably support the appeal, (*see id.* at 15, 18, 20); and set forth her reasoning and conclusion that the appeal is frivolous, (*see id.* at 15-27). *See Santiago*, *supra* at 361. Counsel has filed a petition to withdraw, sent Appellant a letter advising that she concluded that there are no non-frivolous issues,

provided him with a copy of the **Anders** brief, and notified him of his right to retain new counsel or proceed *pro se*. Because counsel's petition and brief satisfy the requirements of **Anders** and **Santiago**, we will undertake our own review of the appeal to determine if it is wholly frivolous. **See O'Malley**, *supra* at 1266.

The **Anders** brief raises the following questions for our review:

I.    Was the evidence sufficient to establish that Appellant was in actual or constructive possession of the drugs?

II.    Was Appellant's Sixth Amendment right to confront witnesses denied?

III.    Did the trial court err in denying the motion to suppress?

(**Anders** Brief, at 7) (most capitalization omitted).[6]

Appellant's first issue challenges the sufficiency of the evidence to support his convictions. (**See Anders** Brief, at 15-17). Specifically, he argues the Commonwealth failed to establish his actual or constructive possession of the drugs. (**See id.**). We disagree.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and

_____

[6] The Commonwealth submitted a letter to this Court advising that it is not filing a brief and stating its belief that counsel for Appellant has complied with the **Anders** and **Santiago** requirements. (**See** Commonwealth's Letter, 7/10/15, at 1-2).

circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Giordano***, 121 A.3d 998, 1002-03 (Pa. Super. 2015)

(citations omitted).

The Controlled Substance, Drug, Device and Cosmetic Act defines the crimes of possession of a controlled substance and PWID as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(16), (30).

"To establish the offense of possession of a controlled substance with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it." **Commonwealth v. Perez**, 931 A.2d 703, 707-08 (Pa. Super. 2007) (citation omitted). The Commonwealth can prove possession by establishing actual or constructive possession of the controlled substance. **See id.** at 708.

Here, Detective Fetty testified that, while conducting surveillance with his partner he observed, from a distance of thirty feet, Appellant "hand[] [Coughanour] some pink objects which at the time we believed to be stamp bags from the distance that we were." (N.T. Trial, at 17; **see id.** at 16-18). The detectives stopped Coughanour immediately thereafter, informed him of their observation, and Coughanour "retrieved three stamp bags in his pocket and gave them to us." (**Id.** at 18). The detectives then arrested Appellant and asked him about the transaction. (**See id.** at 19-20). Detective Fetty testified that Appellant did not dispute the sale and admitted: "You got me on that one." (**Id.** at 20; **see id.** at 21). In contrast, Appellant testified that he did not encounter Coughanour at the bar, and that he never saw pink heroin stamp bags. (**See id.** at 27-29).

After review of the record, and viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was ample evidence to support the court's determination that Appellant possessed the heroin where Detective Fetty testified that he directly observed Appellant hand the

heroin packets to Coughanour. **See Giordano**, **supra** at 1002. The court did not find Appellant's version of events credible, and it, as finder of fact, was "free to believe all, part or none of the evidence." **Id.** at 1003. Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant claims that his Sixth Amendment right to confrontation was violated. (**See Anders** Brief, at 18-19). This issue lacks merit.[7]

"Whether Appellant was denied [his] right to confront a witness under the confrontation clause of the Sixth Amendment is a question of law for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Dyarman**, 33 A.3d 104, 106 (Pa. Super. 2011), *affirmed*, 73 A.3d 565 (Pa. 2013), *cert. denied*, 134 S. Ct. 948 (2014) (citation omitted).

> The Confrontation Clause in the Sixth Amendment to the United States Constitution applies to both federal and state prosecutions and provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . . " U.S. Const. amend. IV. The Pennsylvania Constitution likewise provides that, "[i]n all

---

[7] We agree with the trial court and appellate counsel's assessment that this issue is waived for Appellant's failure to present any supporting detail or specificity regarding this claim in the trial court. **See** Pa.R.A.P. 302(a); (**see also** Trial Ct. Op. at 4; **Anders** Brief, at 18). "Nevertheless, in light of [c]ounsel's petition to withdraw, we address Appellant's contention." **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted) (stating **Anders** requires review of issues otherwise waived on appeal).

criminal prosecutions the accused hath a right . . . to meet the witnesses face to face." Pa. Const. art. I, § 9.

> To be sure, the Confrontation Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands not that evidence be reliable but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. . . .

*Commonwealth v. Yohe*, 39 A.3d 381, 384-85 (Pa. Super. 2012), *affirmed*, 79 A.3d 520 (Pa. 2013), *cert. denied*, 134 S. Ct. 2662 (2014) (case citation and footnotes omitted).

> . . . [T]he right guaranteed by the Confrontation Clause includes not only a personal examination, but also (1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the greatest legal engine ever invented for the discovery of truth; [and] (3) permits the [fact-finder] that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the [fact-finder] in assessing his credibility.

*Commonwealth v. Atkinson*, 987 A.2d 743, 746 (Pa. Super. 2009), *appeal denied*, 8 A.3d 340 (Pa. 2010) (citations and quotation marks omitted).

Here, the Commonwealth presented the testimony of only one witness, Detective Fetty, at the suppression hearing and at trial. (*See* N.T. Suppression Hearing and Trial, at 2). A review of the record shows that Detective Fetty testified under oath and that Appellant's counsel cross-examined him during each of these proceedings. (*See id.* at 5, 9-11, 14, 24-26); *see also Atkinson, supra* at 746. The trial court, as fact finder,

observed the detective's demeanor and assessed his credibility. ***See Atkinson, supra*** at 746.

Based on the foregoing, we conclude that Appellant's contention that he was denied his right to confrontation is specious and lacks record support. Contrary to Appellant's claim, the record reflects that he exercised his right to confront Detective Fetty, the only witness who testified against him. ***See id.*** Therefore, Appellant's second issue does not merit relief.

In his third issue, Appellant contends that the trial court erred by denying his motion to suppress the statements he purportedly made to Detective Fetty admitting involvement in the heroin sale. (***See Anders*** Brief, at 20). This issue does not merit relief.

> The standard of review an appellate court applies when considering an order denying a suppression motion is well established. An appellate court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, the appellate court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, it is also well settled that an appellate court is not bound by the suppression court's conclusions of law.
>
> > With respect to factual findings, we are mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented. However, where the factual determinations made by the suppression court are not supported by the evidence, we may reject those findings. Only factual findings which are supported by the record are binding upon this [C]ourt.

In addition, we are aware that questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. In appeals from suppression orders, our scope of review is limited to the evidence presented at the suppression hearing.

*Commonwealth v. Caple*, 121 A.3d 511, 516-17 (Pa. Super. 2015) (citations omitted).

Statements made during custodial interrogation are presumptively involuntary, unless the accused is first advised of h[is] *Miranda* rights. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of [his] freedom of action in any significant way. [T]he *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. Thus, [i]nterrogation occurs where the police should know that their words or actions are reasonably likely to elicit an incriminating response from the suspect.

*Commonwealth v. Williams*, 941 A.2d 14, 30 (Pa. Super. 2008) (quotation marks and most case citations omitted).

Here, Detective Fetty testified that he arrested Appellant and read him his *Miranda* warnings. (*See* N.T. Suppression, at 7-9). He stated that, after he *Mirandized* Appellant, he asked Appellant about the drug deal, and Appellant "openly admitted" involvement in it. (*Id.* at 8; *see also id.* at 10). Detective Fetty further testified that he did not threaten Appellant or use force against him in order to obtain the incriminating statements. (*See id.* at 8-9). Appellant, in contrast, testified that the detectives did not issue *Miranda* warnings after placing him under arrest. (*See id.* at 12). Appellant stated that he did not respond to any of the detectives' questions,

- 11 -

that he "said nothing," and that he did not "volunteer any statements along the lines of 'You got me[.]'" (*Id.*). After considering the testimony presented by the parties, the trial court found Detective Fetty's version of events credible "rather than [Appellant's] blanket denial that anything happened," and denied the motion to suppress. (*Id.* at 13).

Upon review, and "mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses," we conclude that the court did not abuse its discretion in denying the motion where Detective Fetty credibly testified that Appellant was *Mirandized* before he made incriminating statements. *Caple*, *supra* at 516. Therefore, Appellant's third issue does not merit relief. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." *O'Malley*, *supra* at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015