**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Thomas O'MALLEY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 2008.

Filed Sept. 23, 2008.

Patrick J. Connors, Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES and COLVILLE *, JJ.

* Retired Senior Judge assigned to the Superior Court.

## OPINION BY COLVILLE, J.:

¶ 1 Thomas O'Malley ("Petitioner") petitions for allowance of appeal with respect to the discretionary aspects of his sentence. His counsel has filed a petition to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging this matter is wholly frivolous. We grant counsel's petition to withdraw and deny the petition for allowance of appeal.

### Facts

¶ 2 Petitioner pled guilty to driving under the influence of a controlled substance ("DUI") in violation of 75 Pa.C.S.A. § 3802(d). The instant offense was his third DUI and, as such, the charge was graded as a first-degree misdemeanor. *See* 75 Pa.C.S.A. § 3803(b)(4). Pursuant to a plea agreement involving a negotiated sentence, the court imposed one to two years' incarceration followed by three years' probation, a fine of $2,500.00, a drug and alcohol evaluation, and safe driving classes. All facets of the sentence other than the probation were mandatory under 75 Pa.C.S.A. § 3804(c)(3). Petitioner did not object to the sentence during sentencing and did not file post-sentence motions. He later filed this appeal.

### Anders v. California

¶ 3 We have discussed the *Anders* process as follows:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa.Super.1997). A proper *Anders* brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. *Smith*, 700 A.2d at 1304. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous. *Id.* at 1303–05.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention. *Commonwealth v. Flores*, 909 A.2d 387, 389 (Pa.Super.2006) (overruled on other grounds by *Commonwealth v. Goodwin*, [928 A.2d 287, 293 n. 2 (Pa.Super.2007)]).

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). *See Smith*, 700 A.2d at 1303–05. By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. *Flores*, 909 A.2d at 389. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185, 1188 (1981). However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief. *Commonwealth v. Kearns*, 896 A.2d 640, 647 (Pa.Super.2006).

*Commonwealth v. Wrecks,* 931 A.2d 717, 720–21 (Pa.Super.2007).

¶ 4 Having reviewed the *Anders* petition and brief in the case *sub judice,* we find counsel has substantially complied with the *Anders* requirements. As such, we have conducted our own review of this matter. For the reasons that follow, we permit counsel to withdraw and we find the matter before us frivolous.

### Discretionary Aspects of Sentence

¶ 5 First, it is important to keep in mind that Petitioner has not appealed the legality of his sentence.[1] Rather, he seeks to challenge the discretionary portions of his penalty.[2] One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence. *Commonwealth v. Dalberto,* 436 Pa.Super. 391, 648 A.2d 16, 20 (1994). Accordingly, Petitioner's request to do so is wholly frivolous.[3]

¶ 6 For the foregoing reasons, we grant counsel permission to withdraw and deny allowance of appeal.

¶ 7 Counsel's petition to withdraw granted. Petition for allowance of appeal denied.

---

1. Even when there has been a plea agreement involving a negotiated sentence, an appellant may challenge the sentence as being illegal. *Commonwealth v. Smith,* 447 Pa.Super. 502, 669 A.2d 1008, 1009 (1996).

2. As we indicated *supra,* the probationary period is the only portion of his penalty not mandated by statute. Thus, it is only the probationary period that could be subject to discretionary review.

3. Even if Petitioner had the right to seek a discretionary appeal in this case, he failed to object to his sentence during sentencing and/or to file a post-sentence motion. As such, he preserved no issues for discretionary review. *Commonwealth v. Malovich,* 903 A.2d 1247, 1250 (Pa.Super.2006). Therefore, any petition for allowance of appeal would be frivolous.