J-S73021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LANNING VAGTS | |
| Appellant | No. 379 MDA 2014 |

Appeal from the Judgment of Sentence of November 26, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003793-2012

BEFORE:  BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 19, 2014**

Lanning Vagts appeals from the judgment of sentence entered November 26, 2013.  Counsel for Vagts has petitioned to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), on the ground that Vagt's issue on appeal is wholly frivolous.[1]  We grant the petition to withdraw, and we affirm the judgment of sentence.

The trial court set forth the background of this case as follows:

On February 14, 2013, [Vagts] entered a plea of guilty to the offense of incest.[2]  [Vagts] acknowledged during the time frame of August 1, 2003 and March 31, 2004, he engaged in sex with his biological daughter, a juvenile.  The [c]ourt directed

---

[1]    ***See also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2]    18 Pa.C.S.A. § 4302.

[Vagts'] evaluation for sexually violent predator [("SVP")] status and a hearing was conducted on November 19, 2013 at the conclusion of which [the court] indicated the matter would be reconvened on November 27, 2013 at which time a determination would be announced regarding SVP status and sentence imposed.  At that time, the [court] determined [Vagts] was a sexually violent predator and imposed sentence [of not less than eighteen months nor more than one hundred twenty months' incarceration with credit for time served].  A post sentence motion *nunc pro tunc* was denied on January 2, 2014.  An appeal was filed on January 30, 2014 and an order issued pursuant to Pa.R.A.P. 1925(b) on January 31, 2014.  Thereafter, on February 18, 2014, [the court] entered an order granting defense counsel[']s request for an extension of time within which to file a concise statement of [e]rrors complained of on appeal.  The concise statement was subsequently received on April 7, 2014.

Trial Court Opinion ("T.C.O."), 4/30/2014, at 1-2 (quotation marks and record citations omitted).

On September 4, 2014, counsel filed an ***Anders*** brief presenting an issue that might arguably support an appeal.  Counsel filed her petition to withdraw as counsel on the same day, in which she states that, after a conscientious examination of the record, she has determined that the appeal would be wholly frivolous.  ***See*** Petition for Leave to Withdraw as Counsel, 9/04/2014, at unnumbered page 1.  Attached to the petition is a copy of her letter to Vagts advising him of her desire to withdraw as counsel and Vagts' right to retain new counsel or proceed with his appeal *pro se*, and providing him with a copy of the ***Anders*** brief filed with this Court.  ***See id.*** at Exhibit "A".  Vagts did not respond to counsel's petition to withdraw.

[I]n the ***Anders*** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the

appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. O'Malley*, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the *Anders* and *Santiago* requirements. She has submitted a brief that summarizes the case and cites to the record, *see Anders* Brief at 2-6; refers to anything that might arguably support the appeal, *id.* at 6-11; and sets forth her reasoning and conclusion that the appeal is frivolous, *id.* at 11-12. *See Santiago*, 978 A.2d at 361. She has filed a petition to withdraw as counsel, sent Vagts a letter advising him she found no non-frivolous issues, provided Vagts with a copy of the *Anders* brief, and notified Vagts of his right to retain new counsel or proceed *pro se*. Vagts has not responded. "Once

counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted).

Counsel identifies one potential issue for our review in her **Anders** brief: "Whether the trial court erred by finding that Mr. Vagts is a sexually violent predator where the Commonwealth failed to present clear and convincing evidence sufficient to demonstrate that he is likely to engage in predatory sexually violent offenses?" **Anders** Brief at 2.

In the **Anders** brief, counsel asserts as follows: "Mr. Vagts challenges the sufficiency of the evidence that was used to support the trial court's conclusion that Mr. Vagts is a sexually violent predator, as statutorily defined. Specifically, he asserts that there was insufficient evidence presented by the Commonwealth of his likelihood of reoffending." **Id.** at 6-7. We agree with counsel that the issue is without merit.

Our standard for reviewing a sufficiency challenge to an SVP determination is the following:

> We do not weigh the evidence presented to the sentencing court and do not make credibility determinations. Instead, we view all the evidence and its reasonable inferences in a light most favorable to the Commonwealth. We will disturb an SVP designation only if the Commonwealth did not present clear and convincing evidence to enable the court to find each element required by the SVP statutes.

**Commonwealth v. Whanger**, 30 A.3d 1212, 1215 (Pa. Super. 2011) (citation omitted).

The determination of a defendant's SVP status may only be made following an assessment by the [Sexual Offenders Assessment Board ("SOAB")] and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

The standard of proof governing the determination of SVP status, *i.e.*, "clear and convincing evidence," has been described as an "intermediate" test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt.

\* \* \*

The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue."

**Commonwealth v. Fuentes**, 991 A.2d 935, 941-42 (Pa. Super. 2010) (*en banc*) (citations omitted).

An SVP . . . is defined as follows:

A person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S.A. § 9792.[3]

³ Appellant does not dispute that he was convicted of a sexually violent offense.[3]

Moreover:

> The process of determining SVP status is statutorily-mandated and well-defined. The triggering event is a conviction of one or more offenses specified in 42 Pa.C.S.A. § 9795.1, which, in turn, prompts the trial court to order an SVP assessment by the SOAB. The Board's administrative officer assigns the matter to one of the Board's members, all of whom are "experts in the field of behavior and treatment of sexual offenders." 42 Pa.C.S.A. § 9799.3. At the core of the expert's assessment is a detailed list of factors, which are mandatory and are designed as criteria by which the likelihood of reoffense may be gauged.

*Fuentes*, 991 A.2d at 942 (citations omitted). According to the statute:

> An assessment shall include, but not be limited to, an examination of the following:
>
> \*        \*        \*
>
> (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9795.4(b).

This Court further summarized:

> The precise line of inquiry for the Board's expert, as well as any other expert who testifies at an SVP hearing, is whether the defendant satisfied the definition of sexually violent predator set out in the statute, that is, whether he or she suffers from a mental abnormality or personality

---

[3] Like the appellant in **Commonwealth v. Morgan**, 16 A.3d 1165 (Pa. Super. 2011), Vagts does not challenge his conviction for a sexually violent offense, but disputes the determination that he is a sexually violent predator.

disorder that makes him or her more likely to engage in predatory sexually violent offenses. The salient inquiry to be made by the trial court is the identification of the impetus behind the commission of the crime and extent to which the offender is likely to reoffend.

In this context, a "mental abnormality" is a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S.A. § 9792. Moreover, "predatory" conduct, which is indispensable to the designation, is defined as an "act directed at a stranger or at a person with whom a relationship has been initiated, maintained or promoted, in whole or in part, in order to facilitate or support victimization." [42 Pa.C.S.A. § 9792].

*Fuentes*, 991 A.2d at 943.

*Commonwealth v. Morgan*, 16 A.3d 1165, 1168-69 (Pa. Super. 2011).

At the SVP hearing, SVP board member Paula Brust, a psychologist and counselor, testified that she performed a court-ordered evaluation of Vagts and prepared a report of her findings to determine if he met the criteria for an SVP. *See* Notes of Testimony ("N.T."), 11/19/2014, at 11-12. Pursuant to that report, she testified as follows:

The victim in this case was Mr. Vagts' biological daughter, and according to the victim he began to sexually assault her when they lived in New York starting from age eight through when they moved to Pennsylvania ending at age fifteen when she moved out of the home with Mr. Vagts who had attained custody of her when she was approximately nine years old. And during that time, beginning when she was eight years old according to the victim, her father would sexually assault her regularly, several times a week for years. And it especially increased, she stated, when they moved to Hazle Township and Mr. Vagts would assault his daughter if she wanted to go out, hang with her friends. He would force her to have sexual contact with him repeatedly over the course of an eight-year period.

*Id.* at 20-21. With regard to the factor at issue, likelihood of reoffense, 42 Pa.C.S.A. § 9795.4(b)(4), she stated:

> Mr. Vagts has a sexually deviant pathway to offending. He has assaulted a child over a long span of time. His disorder of pedophilia and paraphilia not otherwise specified predisposes him toward committing sexual offenses and those disorders cause him to have internal drive that makes it likely he will engage in predatory sexual behavior.

*Id.* at 31. Thus, she concluded "within a reasonable degree of professional certainty" in her report and at the hearing that Vagts was likely to reoffend. *Id.* at 33.

Conversely, Dr. Timothy Foley, an expert witness for Vagts in the field of sexually violent predator treatment and evaluation, testified that he disagreed with the assessment that Vagts was likely to reoffend because "there is no use of an actuarial tool" in the SVP report. *Id.* at 65. However, he also conceded that "[t]he actuarial tools are not perfect" and that the SOAB "precludes the use of actuarial tools in SVP determinations." *Id.* at 65, 73. Thus, the trial court found Ms. Brust's testimony credible, and "[w]hile [it] did not find Dr. Foley testified in an unprofessional manner or lacked credibility, [the court was] unpersuaded in his use of a statistical tool in arriving at the conclusion that [Vagts] would not be likely to reoffend." T.C.O. at 13; *see also Whanger*, 30 A.3d at 1215.

Therefore, we conclude that the Commonwealth presented clear and convincing evidence to enable the court to find the element of likelihood of reoffense required by the SVP statutes at 42 Pa.C.S.A. § 9795.4(b)(4). *Morgan*, 16 A.3d at 1168-69. Accordingly, Vagts' challenge to his SVP determination on this ground is frivolous. Furthermore, upon independent

review of the record, we find no other non-frivolous basis for appeal and conclude that Vagts' appeal is wholly frivolous. **O'Malley**, **supra** at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014