J-S79041-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WARREN W. RAY, JR., | : | |
| | : | |
| Appellant | : | No. 2076 EDA 2014 |

Appeal from the Judgment of Sentence Entered June 16, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0002833-2014

BEFORE:     ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED FEBRUARY 05, 2015**

Warren W. Ray, Jr. (Appellant), appeals from the judgment of sentence which followed his conviction for possession with the intent to deliver a controlled substance - heroin.  Also before us is the petition of Appellant's counsel to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The background underlying this matter can be summarized as follows. Appellant was arrested and charged with, *inter alia*, possession with the intent to deliver heroin.  He entered into a negotiated guilty plea to this charge; that negotiated plea included an agreement that Appellant would be sentenced to one to two years in prison.  The trial court accepted the plea and sentenced Appellant accordingly.

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal, and the trial court directed him to comply with Pa.R.A.P. 1925(b). Appellant's counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4), stating that counsel intended to withdraw his representation of Appellant.

Counsel then filed with this Court a petition to withdraw and an *Anders* brief. Thus, before we consider the substance of this appeal, we must address counsel's compliance with *Anders*:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders*:

- 2 -

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the above requirements.[1] "We, therefore, turn to the issue presented in counsel's *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012).

Counsel essentially contends that a challenge to the discretionary aspects of Appellant's sentence is the only issue that arguably supports this appeal. However, Appellant was sentenced pursuant to a negotiated plea agreement. This Court has long recognized that the entry of a negotiated guilty plea "constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007). Further, "[o]ne

---

[1] Appellant has not filed a *pro se* response raising any additional points for our consideration.

- 3 -

who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008). Thus, any challenge to the discretionary aspects of Appellant's sentence is wholly frivolous.

Because we agree with counsel that Appellant's appeal is wholly frivolous, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/5/2015