J-S51026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT BRENZENGER | |
| Appellant | No. 46 EDA 2016 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014083-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                      **FILED JUNE 22, 2016**

Robert Brenzenger appeals, *pro se*, from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 15, 2013, Brenzenger entered a negotiated guilty plea[1] to two counts of homicide by vehicle while driving under the influence (DUI)[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth agreed to nolle prosse charges for simple assault, recklessly endangering another person, involuntary manslaughter, and homicide by vehicle.  The Commonwealth also agreed to recommend a specific sentence of not less than seven nor more than fourteen years in prison.  **See** N.T. Guilty Plea, 3/15/13, at 12.

[2] 75 Pa.C.S. § 3735(A).

and DUI.[3]  On that same date, Brenzenger was sentenced to two consecutive terms of 3½ to 7 years' imprisonment for the homicide by vehicle (DUI) charges and a concurrent term of 3 to 6 months' imprisonment for the DUI. No post-sentence motions or direct appeal were filed.

On February 25, 2014, Brenzenger filed a timely *pro se* PCRA petition alleging that plea counsel was ineffective for failing to file a post-sentence motion to reconsider his sentence where he believed his sentence was "excessive and unduly harsh."  *Pro Se* PCRA Petition, 2/25/14, at 3.  Counsel was appointed to represent Brenzenger.  However, on June 25, 2015, appointed counsel filed a petition to withdraw, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), asserting that in his professional opinion the issue raised in defendant's *pro se* PCRA petition was without arguable merit and that there were no other issues of arguable merit that could be raised in an amended, counseled petition.  After issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss his petition, the court ultimately dismissed Brenzenger's petition on December 1, 2015, and granted counsel's request to withdraw.  This timely *pro se* appeal follows in which Brenzenger presents the following issue for our consideration:

> Whether because counsel failed to file a Post Sentence Motion to Reconsider the sentence, Appellant is entitled to have his right to

---

[3] 75 Pa.C.S. § 3732(A).

file Post Sentence Motions restored, and the PCRA court erred in failing to reinstate them?[4]

Appellant's Brief, at 3.

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012). Moreover, it is well settled that when a defendant has entered a negotiated guilty plea, his "plea . . . amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991).

The record reveals that there was a factual basis for Brenzenger's plea. N.T. Guilty Plea Hearing, 3/15/13, at 14-18. Moreover, both Brenzenger's written and oral colloquies demonstrate that his guilty plea was entered knowingly, intelligently and voluntarily. **Id.** at 14 ("Is that a free

_____

[4] With respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. **Commonwealth v. Spotz**, 47 A.3d 63, 76 (Pa. 2012). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. **Id.** (citation omitted).

and voluntary decision on your part. Yes."); Written Guilty Plea Colloquy, 3/15/13. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (entry of negotiated plea is strong indicator of voluntariness of plea; law does not require that defendant be pleased with outcome of decision to enter guilty plea, but just that decision was knowingly, voluntarily and intelligently made).

To the extent that Brenzenger's underlying claim attacks the discretionary aspect of his sentence, we recognize that the trial court imposed the sentence that Brenzenger negotiated with the Commonwealth. He may not now seek discretionary review of that negotiated sentence. *See Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008).

Because Brenzenger's underlying claim has no arguable merit, counsel cannot be deemed ineffective for failing to file a post-sentence motion to reconsider his sentence based on those claims. *Spotz*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016

- 4 -