J-S50014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TRACY MARTIN | |
| Appellant | No. 3789 EDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007347-2015

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 27, 2017**

Appellant, Tracy Martin, pled guilty to one count each of insurance fraud and receiving stolen property. The trial court proceeded to impose the negotiated sentence of 9 to 23 months of intermediate punishment. In this appeal, Martin's court-appointed counsel, Patrick J. Connors, Esquire, seeks permission to withdraw as counsel. As such, he has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgment of sentence and grant Attorney Connors permission to withdraw.

Attorney Connors has complied with the mandated procedure for withdrawing as counsel. ***See Santiago***, 978 A.2d at 361 (articulating ***Anders*** requirements); ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of

rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Martin has not filed a response to counsel's petition to withdraw.[1]

Counsel has identified one issue that Martin believes entitles him to relief. Martin wishes to challenge the sentence imposed by the trial court. We begin by observing that the maximum sentence imposed was not above the statutory maximum for his conviction for insurance fraud under 18 Pa.C.S.A. § 4117(a)(2). **See** 18 Pa.C.S.A. § 4117(d) ("An offense under subsection (a)(1) through (8) is a felony of the third degree."); 18 Pa.C.S.A. § 1103(3) (setting maximum sentence for felony of the third degree at seven years). Nor is there any indication that a mandatory minimum sentence was imposed. Martin has not identified any other possible issue with the legality of his sentence.

We therefore turn to the discretionary aspects of his sentence. Here, we note that since Martin negotiated this sentence as part of his guilty plea agreement, he is precluded from challenging the discretionary aspects of his sentence. **See Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008). Furthermore, this challenge is waived, **see Commonwealth**

---

[1] Martin did file a response when Attorney Connors filed his notice of intent to file an **Anders** brief in lieu of a statement of matters complained of on appeal in a related appeal, docketed at 3864 EDA 2016. In that response, Martin identified two issues he wished to raise on appeal: the legality of the sentence imposed and ineffective assistance of counsel. We will address both issues in this memorandum.

***v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010), as Martin did not challenge anything other than credit for time served in his post-sentence motion, and requested that "all other aspects of the sentence to remain the same." Post-Sentence Motion, 9/22/16, at ¶6. Thus, we agree with Attorney Connor's assessment that any challenge to Martin's sentence is frivolous.

Next, we address the issue raised by Martin in his *pro se* response to Attorney Connors's notice of intent to file an ***Anders*** brief. Martin argues that both Attorney Connors and another member of the Delaware County Public Defender's Office rendered ineffective assistance of counsel.

Generally, claims of ineffectiveness of counsel are not ripe until collateral review. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). However, in extraordinary cases where the trial court determines that the claim of ineffectiveness is "both meritorious and apparent from the record," it may exercise its discretion to consider the claim in a post-sentence motion. ***Id***., at 577.

In ***Holmes***, the Supreme Court of Pennsylvania explicitly identified ineffectiveness claims as "presumptively reserved for collateral attack[.]" ***Id***., at 577 n.10. The Court warned against trial courts appointing "new counsel post-verdict to search for ineffectiveness claims." ***Id***. Thus, while the trial court retains discretion in addressing such claims, the presumption weighs heavily in favor of deferring such claims to collateral review.

Further, the Court justified the creation of the "meritorious and apparent from the record" exception by explaining that "[t]he administration of criminal justice is better served by allowing trial judges to retain *the discretion* to consider and vindicate such distinct claims of ineffectiveness[.]" ***Id***., at 577 (emphasis added). Most importantly, the Court required an express waiver of the right to file a first, timely PCRA petition. ***See id***., at 579.

Martin failed to expressly forgo his right to file a timely, first PCRA petition. Furthermore, this issue was never presented to the trial court in any filing. It is not even clear, from Martin's handwritten filing, what Martin believes was ineffective about the Public Defender's office's representation. For all these reasons, we conclude that Martin's claim that counsel was ineffective would be frivolous in this appeal from his judgment of sentence.

As a result, we agree with Attorney Connors's assessment that this appeal is wholly frivolous. We therefore grant his petition to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed. Permission to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017