J-S31029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :

            v.                        :
                                    :
                                    :

ALEXANDER OTT                      :
                                    :
              Appellant        :   No. 3995 EDA 2017

Appeal from the Judgment of Sentence November 6, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005017-2017


BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:               **FILED JULY 13, 2018**

Alexander Ott appeals from his judgment of sentence following the entry of a negotiated guilty plea to the charge of driving under the influence ("DUI") – controlled substance – Schedule I (1st Offense).[1]  Counsel has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its progeny.[2]  After careful review, we remand with instructions, deny counsel's motion to withdraw, and retain panel jurisdiction.

---

[1] 75 Pa.C.S. § 3802(d)(1)(i).

[2] Pursuant to Pa.R.A.P. 1925(c)(4), counsel has filed of record and served on the trial judge his intent to file an **Anders** brief in lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On June 2, 2017, Officer Joseph L. Laspina, Jr., of the Morton Borough Police Department, observed Ott's car and smelled burnt marijuana. He followed the car to a Wawa parking lot and conducted a search of Ott's vehicle.[3] He found seven bags of marijuana (30 grams or fewer) and related paraphernalia. Officer Laspina wrote in his affidavit of probable cause that, "Ott was read the DL[-]26 form in its entirety[,] signed, and agreed to provide blood." Aff. Of Probable Cause, June 4, 2017, 1. Following arraignment on September 13, 2017, the court formally charged Ott with, *inter alia*, DUI– controlled substance – Schedule I (1st Offense).[4]

On November 6, 2017, Ott entered a negotiated guilty plea with regard to the charge and sentence. Accordingly, Ott was sentenced to six months of intermediate punishment with the first twenty days on electronic home monitoring, eighty hours of community service, a $1,000 fine, and a $100 cost assessment. No post-sentence motions were filed. Ott filed a notice of appeal on December 5, 2017, with the assistance of counsel. On December 6, 2017, the court ordered Ott to provide a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days. Counsel notified the court of his intention to file an **Anders** brief on December 22, 2017.

---

[3] We note that there is a lack of information in the record regarding the stop itself.

[4] 75 Pa.C.S. § 3802(d)(1)(i).

- 2 -

In order for counsel to withdraw from an appeal pursuant to **Anders**, counsel must: 1) petition the court for leave to withdraw, stating that counsel made a conscientious examination of the record and that the appeal is frivolous; 2) file an **Anders** brief indicating any issues of arguable merit; and 3) provide the defendant with a copy of the brief and inform him of his right to retain new counsel or raise additional issues before this Court. **Commonwealth v. Santiago**, 978 A.2d 349, 351 (Pa. 2009). Counsel's **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361. In addition to determining whether counsel fulfilled his obligations under **Anders**, this Court is obligated to make a "full examination of the proceedings and make an independent judgement to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citing **Santiago**, 978 A.2d at 354 n.5).

Here, counsel timely petitioned the court for leave to withdraw, examined the record, determined the appeal was frivolous, and provided Ott with a copy of the **Anders** brief. Ott was informed of his right to obtain private counsel or proceed *pro se* and file a response. Counsel's **Anders** brief, however, may have overlooked a point of arguable merit.

In his **Anders** brief, counsel notes that whether the sentence is harsh and excessive under the circumstances may be an issue of arguable merit. However, counsel failed to address a possible **Birchfield** issue. **See Birchfield v. North Dakota**, 136 U.S. 2160 (2016). In **Birchfield**, the Supreme Court held that that warrantless blood draws are a violation of the Fourth Amendment and that drivers cannot be found to have consented to a warrantless blood draw if they believe that their refusal constitutes a criminal offense. **Id.** at 2184-86.

Applying **Birchfield**, the Pennsylvania Superior Court found that drivers who refuse to provide blood cannot be charged with a higher penalty than they would have otherwise received. **See Commonwealth v. Giron**, 155 A.3d 635, 640 (Pa. Super. 2017); **see also Commonwealth v. Ennels**, 167 A.3d 716, 721, 724 (Pa. Super. 2017) (holding **Birchfield** ban on warrantless blood tests for DUI of alcohol also applied to individuals suspected of DUI of controlled substances). Thus, a driver who agrees to have blood drawn in order to avoid increased criminal penalties, which was the language of the warnings contained on the pre-**Birchfield** DL-26 form, cannot be said to have consented to the procedure. **See Commonwealth v. Evans**, 153 A.3d 323, 331 (Pa. Super. 2016).

As noted above, Ott consented to a blood draw after Officer Laspina read him the DL-26 form; that form, however, has been modified by the Pennsylvania Department of Transportation in light of the Supreme Court's

decision in **Birchfield**. **See Commonwealth v. Robertson**, 2018 PA Super 110, at *5. (Pa. Super. filed May 3, 2018). The record in this case does not indicate whether Ott was read the warnings from a pre-**Birchfield** DL-26 form[5] or the language on the revised DL-26B form.

Here, counsel correctly states that Ott entered into a negotiated guilty plea, thereby limiting the issues he can raise on appeal. Ott, in entering a negotiated guilty plea, waived his rights to "challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013). He may not, therefore, challenge the discretionary aspects of his sentence. **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2015). Moreover, Ott waived the ability to challenge the validity of his plea by failing to object during the plea colloquy or by failing to file a post-sentence motion to withdraw the plea within ten days of sentencing. **Lincoln**, 72 A.3d at 609-10. However, Ott may have a valid claim of ineffectiveness of counsel.

The failure of trial counsel to file a motion to suppress the blood test results and failure to file a post-trial motion withdrawing the plea may amount

_____

[5] The warnings contained on the Pennsylvania Department of Transportation's former DL-26 form provide that if a person refuses to consent to a blood test he or she will face more severe criminal penalties because of the refusal. **See Robertson**, *supra* at *6. The DL-26 form was revised within one week of the Supreme Court's decision in **Birchfield**. **Robertson**, *supra* at *5. The new form, the DL-26B, states that there may be civil penalties associated with refusal, but the language regarding enhanced criminal penalties was removed. **See id.**

to ineffectiveness of counsel. Such challenges are typically appropriate for collateral review, not direct appeal. ***Commonwealth v. Grant***, 813 A.3d 726, 738 (Pa. 2002). There are, however, "extraordinary" cases where a trial court may "determine that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." ***Commonwealth v. Holmes***, 621 Pa. 595, 621 (Pa. 2013). The ***Holmes*** Court noted that such "unitary review" allows "defendants with shorter prison sentences or probationary sentences the prospect of litigating their constitutional claims sounding in trial counsel ineffectiveness; for many of these defendants, post-appeal PCRA review may prove unavailable." ***Id.*** at 622.

Ott may fall into the category of defendants for whom PCRA relief may be unavailable due to his short sentence, and for whom a ***Holmes*** exception may be appropriate. Furthermore, Ott may have grounds to claim ineffectiveness of counsel if he did not voluntarily consent to have his blood drawn under ***Birchfield*** and ***Evans***, since no post-sentence motions were filed preserving his right to challenge the validity of his plea. Indeed, the plea colloquy specifically notes that the Affidavit of Probable Cause and the Toxicological Report formed the basis of Ott's guilty plea. N.T. Sentencing, 11/6/17, at 6. Whether Ott may claim counsel's ineffectiveness for failing to address the possible ***Birchfield*** issue hinges on the content of the warnings on the form he was read before consenting to have his blood drawn. As noted

above, the record before us does not reflect whether the officer used the pre-*Birchfield* DL-26 form or the revised version of the form, the DL-26B. Thus, we are unable to conclude that there are no non-frivolous issues or that the appeal is wholly frivolous.

In sum, our review of the certified record indicates that the form the officer read to Ott has not been included in the record submitted to this Court. Without this form, neither counsel nor this Court can fulfill its obligations under *Anders* and its progeny. Accordingly, we deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum.

Upon remand, counsel must obtain the form used at Ott's arrest and ensure its inclusion in the certified record within twenty days of the filing of this decision. After review of the entire certified record, counsel shall, within thirty days, file either an advocate's brief or a new petition to withdraw and an *Anders* brief that fully complies with the requirements detailed above. The Commonwealth shall have fifteen days to file a response brief or notify this Court that it does not intend to file a response brief.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18