J-S33015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRIS TYREAK WILLIAMS | : | |
| | : | |
| Appellant | : | No. 333 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 24, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001885-2023

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 01, 2024**

Appellant, Terris Tyreak Williams, appeals from the judgment of sentence entered on January 24, 2024. On this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

On January 24, 2024, Appellant entered a negotiated guilty plea to promoting prostitution and criminal use of a communication facility.[1] That

---

[1] 18 Pa.C.S.A. §§ 5902(b)(3) and 7512(a), respectively.

day, the trial court sentenced Appellant to serve the negotiated term of 288 days to 23 months in jail, followed by five years of probation, for his convictions. Appellant filed a timely notice of appeal. Further, on this appeal, Appellant's counsel filed a petition for leave to withdraw and an *Anders* brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel,

- 2 -

proceed *pro se* or raise any additional points worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the ***Anders*** brief:

> Whether Appellant, having entered into a negotiated guilty plea, can challenge the discretionary aspects of his sentence[?]

Appellant's Brief at 7.

Appellant's claim challenges the discretionary aspects of his negotiated sentence. However, as this Court has held, a "challenge to the discretionary aspects of [a] negotiated sentence [] is unreviewable." **Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015), *citing* **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence"). Indeed, we have found this precise issue wholly frivolous in the **Anders** context. **See O'Malley**, 957 A.2d at 1267. Therefore, in accordance with our precedent, Appellant's claim on appeal is frivolous.

We have independently considered the issue raised within Appellant's brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/01/2024