J-S61034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KHAMAL FOOKS, | : | |
| | : | |
| Appellant | : | No. 251 WDA 2016 |

Appeal from the Judgment of Sentence October 5, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-CR-0008254-2013

BEFORE: PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                   **FILED AUGUST 16, 2016**

Khamal Fooks ("Fooks") appeals from the judgment of sentence imposed following his guilty plea to third-degree murder, conspiracy, and firearms not to be carried without a license.[1]  Additionally, Thomas N. Farrell, Esquire ("Attorney Farrell"), Fooks's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Farrell's Petition to Withdraw and dismiss the appeal.

Fooks and Rayshon Shields intended to sell drugs to people in a home. However, once inside, Fooks and Shields decided to rob the people.  Fooks shot and killed Roger Griffin ("Griffin") as Griffin attempted to run out of the house.  Fooks and Shields then took money and cell phones from the home.

---

[1] 18 Pa.C.S.A. §§ 2502(c); 903(c); 6106(a)(1).

Fooks was subsequently arrested and charged with criminal homicide, robbery, conspiracy, and firearms not to be carried without a license.

On October 5, 2015, Fooks and the Commonwealth agreed to the following guilty plea regarding the above-referenced charges: (1) the degree of guilt for the homicide charge would be third-degree murder; (2) the Commonwealth would withdraw the robbery charge; (3) Fooks would plead guilty to the remaining charges (conspiracy and firearms not to be carried without a license); and (4) Fooks would receive a sentence of twenty to forty years in prison for third-degree murder, and no further sentence on the remaining crimes. The trial court accepted the negotiated plea after conducting an oral colloquy. On that same date, in accordance with the plea agreement, the trial court sentenced Fooks to an aggregate term of twenty to forty years in prison for third-degree murder, with no further penalty for the remaining charges. On October 30, 2015, trial counsel filed a Motion to Withdraw as Counsel, which the trial court granted and subsequently appointed Attorney Farrell.

On January 8, 2016, Fooks timely filed a Petition pursuant to the Post Conviction Relief Act ("PCRA")[2] requesting that his appeal rights be reinstated from the point of the post-sentencing motions stage, which the PCRA court granted. On January 19, 2016, Fooks filed a Motion to Reconsider Sentence, *Nunc Pro Tunc*, which the trial court denied.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

Thereafter, Fooks filed a timely Notice of Appeal of his judgment of sentence. Attorney Farrell subsequently filed a Pa.R.A.P. 1925(c)(4) Notice of Intent to file an *Anders* brief.

On appeal, Attorney Farrell has filed an *Anders* Brief, raising the following question for our review:

> Whether the trial court erred and/or abused its discretion by imposing a harsh sentence and not granting Fooks's [M]otion to [R]econsider [S]entence, when Fooks and the Commonwealth[,] after a negotiation session[,] asked the trial court to sentence Fooks to twenty (20) to forty (40) years of incarceration for third-degree murder with no further penalty as to the non-homicide charges, when the facts of the case overwhelmingly support a conviction of second-degree murder which, alone, would have resulted in a life sentence without the possibility of parole and the trial court actually accepted the guilty plea and sentenced Fooks to the negotiated sentence?

*Anders* Brief at 5. Attorney Farrell also filed a Petition to Withdraw as Counsel with this Court on May 16, 2016. Fooks filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Attorney Farrell has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

- 3 -

(1) [p]etition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Farrell has complied with the requirements set forth in ***Anders*** by indicating that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Farrell provided a letter to Fooks, informing him of Attorney Farrell's intention to withdraw as counsel and advising Fooks of his rights to retain new counsel, proceed *pro se*, and file additional claims. Finally, Attorney Farrell's ***Anders*** Brief meets the standards set forth in ***Santiago***, by setting forth his conclusion that the trial court did not err or abuse its discretion in imposing

Fooks's sentence, rendering Fooks's appeal wholly frivolous. Because Attorney Farrell has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Fooks's appeal is, in fact, wholly frivolous.

Fooks contends that the sentencing judge abused his discretion in imposing a manifestly excessive sentence of twenty to forty years in prison for third-degree murder. *Anders* Brief at 13.

Fooks challenges the discretionary aspects of his sentence.

> Prior to reaching the merits of a discretionary sentencing issue, an appellate court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Here, Fooks entered into a negotiated guilty plea which provided that he would receive a sentence of twenty to forty years in prison. *See*, *e.g.*, N.T., 10/5/15, at 5-6. Fooks is not entitled to discretionary review of his negotiated sentence. *See Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) (stating that "an appellant who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."). Thus, we may not review Fooks's sentence. *See id.*

Further, our independent examination of the record indicates that there are no other claims of arguable merit. *See Anders*, 386 U.S. at 744-45. Accordingly, we conclude that Fooks's appeal is wholly frivolous, and Attorney Farrell is entitled to withdraw as counsel.

Petition to Withdraw as Counsel granted; appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016